IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KATHERINE LEE HENDERSON, individually
and on behalf of others similarly situated,**

**Plaintiff,**

**v.**

**WELLS FARGO HOME MORTGAGE, INC.,**

**Defendant.**                                                    No. 05-CV-0089-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

On December 30, 2004, Plaintiff Katherine Lee Henderson ("Henderson") filed a putative class action[1] against Wells Fargo Home Mortgage, Inc. ("Wells Fargo") in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois (Doc. 2). Henderson challenges Wells Fargo's, her home mortgage loan lender, alleged practice of charging "loan discount fees" on home mortgage loans without actually reducing the interest rate on the borrower's loan. Henderson brings state law claims against Wells Fargo for breach of contract (Count I), violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Count II), and unjust enrichment (Count III).

---

[1]Henderson seeks to represent the following class: "All persons (1) who paid a 'discount' or 'loan discount' fee to Defendant on a home mortgage loan and (2) whose interest rate Defendant did not reduce in exchange for payment of that fee" (Doc. 2, Compl. at ¶ 22).

1

On February 10, 2005, Wells Fargo removed the case based on the Court's federal question jurisdiction, **28 U.S.C. §§ 1331, 1441(b)**, arguing that Henderson's claims were completely preempted by §§ 85 and 86 of the National Bank Act (Doc. 1). Now before the Court is Henderson's Motion to Remand (Doc. 11) and Wells Fargo's Motion to Dismiss Plaintiff's Complaint (Doc. 6). For the reasons set forth below, the Court grants Henderson's Motion to Remand and denies without prejudice Wells Fargo's Motion to Dismiss Plaintiff's Complaint.

## II. Background

On July 26, 2001, Henderson obtained a loan from Wells Fargo to purchase her home at 1816 Central, Alton, Illinois (Doc. 2, Compl. at ¶ 12). In this connection, Wells Fargo charged Henderson a "loan discount fee" or "discount" of $1,102.50 (*Id.* at ¶ 15). According to Henderson, Wells Fargo did not reduce the interest rate in exchange for her payment of the loan discount fee (*Id.* at ¶¶ 18, 19).

In Count I of the Complaint, Henderson alleges that by charging a loan discount fee Wells Fargo made a contractual promise to lower her interest rate in exchange for payment of the discount fee (*Id.* at ¶ 28). Henderson alleges Wells Fargo breached the contract by not discounting Henderson's interest rate in exchange for her payment of the loan discount fee (*Id.* at ¶ 29). In Count II of the Complaint, Henderson alleges that Wells Fargo engaged in deceptive practices in violation of the ICFA by concealing that fact that it did not reduce borrowers' interest rates in exchange for the loan discount fees it charged (*Id.* at ¶ 36). In Count III of the Complaint, Henderson alleges that Wells Fargo unjustly retained the discount fees

as profit for itself rather than reducing the interest rates charged to Henderson and the other Class members (*Id.* at ¶ 54).

Henderson's Complaint expressly disclaims federal court jurisdiction, stating: "Federal jurisdiction does not exist because no federal question is asserted and Plaintiff's individual claims are worth less than $75,000, inclusive of damages and fees" (*Id.* at ¶ 9).  The Complaint also expressly disclaims any claims for usury, stating: "Plaintiff does not make any usury claim and expressly disclaims any such claim.  Plaintiff does not challenge the interest rate Defendant can charge, but only challenges Defendant's practice of charging a loan discount fee and then failing to reduce the interest rate in exchange for that fee" (*Id.* at ¶ 9).

### III.  Analysis

Wells Fargo does not contend that Henderson's cause of action presents diversity jurisdiction and Henderson specifically disclaims individual recovery in excess of $75,000, inclusive of damages and fees.  Therefore, the sole issue before the Court is whether the complaint presents a federal question removable pursuant to **28 U.S.C. § 1441(b)**.  A civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal law. **§ 1441(b)**.  The party seeking removal has the burden of establishing jurisdiction of the district court. ***Wellness Community National v. Wellness House,* 70 F.3d 46, 49 (7th Cir. 1995)**.

To determine whether the claim arises under federal law, the court

examines the "well pleaded" allegations of the complaint and ignores potential defenses: "'a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States.'" **Beneficial National Bank v. Anderson, 539 U.S. 1, 6 (2003)(quoting *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908))**. Thus as a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. *Id.*

However, a state claim may be removed to federal court in two circumstances--when Congress expressly so provides or when a federal statute wholly displaces the state-law cause of action through complete pre-emption. *Id.* **at 8**. When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. *Id.* This claim is then removable under **28 U.S.C. § 1441(b)**, which authorizes any claim that "arises under" federal law to be removed to federal court.

Wells Fargo argues that because the Complaint challenges the amount of interest Henderson collected on her loan, the Complaint is completely preempted by the National Bank Act, **12 U.S.C. § 21,** *et seq.,* under the Supreme Court's

4

holding in *Beneficial National Bank v. Anderson,* 539 U.S. 1 (2003).  Henderson does not challenge Wells Fargo's assertion that the loan discount fee is interest, but asserts she is not bring a usury claim preempted by §§ 85 and 86 of the National Bank Act.  Henderson distinguishes between usury claims which challenge the interest rate a lender may charge as mandated by statutes such as the National Bank Act, and the claims she brings here which challenge Wells Fargo's alleged practice of failing to provide the interest rate contractually promised in return for payment of the loan discount fee, and using false pretenses to induce borrowers to pay the loan discount fee without providing a reduction in the interest rate.

    In *Beneficial National Bank* the Supreme Court addressed whether plaintiff's state law usury claims were completely preempted by §§ 85[2] and 86[3] of the

---

[2]Title **12 U.S.C. § 85** provides:

Rate of interest on loans, discounts and purchases

Any association may take, receive, reserve, and charge on any loan or discount made, or upon any notes, bills of exchange, or other evidences of debt, interest at the rate allowed by the laws of the State, Territory, or District where the bank is located, or at a rate of 1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located, whichever may be the greater, and no more, except that where by the laws of any State a different rate is limited for banks organized under state laws, the rate so limited shall be allowed for associations organized or existing in any such State under title 62 of the Revised Statutes. When no rate is fixed by the laws of the State, or Territory, or District, the bank may take, receive, reserve, or charge a rate not exceeding 7 per centum, or 1 per centum in excess of the discount rate on ninety day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located, whichever may be the greater, and such interest may be taken in advance, reckoning the days for which the note, bill, or other evidence of debt has to run. The maximum amount of interest or discount to be charged at a branch of an association located outside of the States of the United States and the District of Columbia shall be at the rate allowed by the laws of the country, territory, dependency, province,

National Bank Act. The Supreme Court found "[i]n actions against national banks for usury, [§§ 85 and 86] supercede both the substantive and remedial provisions of state usury laws and create a federal remedy for overcharges that is exclusive, even when a state complainant . . . relies entirely on state law. Because §§ 85 and 86 provide the exclusive cause of action for such claims, there is, in short, no such thing as a state-law claim of usury against a national bank." *Id.* **at 11**.

In asserting that the Supreme Court's holding in ***Beneficial National Bank*** governs the claims at bar, Wells Fargo relies primarily on two district court cases. In ***Phipps v. Guaranty National Bank of Tallahassee***, the district court examined whether the plaintiffs' claims that their lender charged them unlawful and excessive fees (including a loan discount fee) in conjunction with their second

---

dominion, insular possession, or other political subdivision where the branch is located. And the purchase, discount, or sale of a bona fide bill of exchange, payable at another place than the place of such purchase, discount, or sale, at not more than the current rate of exchange for sight drafts in addition to the interest, shall not be considered as taking or receiving a greater rate of interest.

**12 U.S.C. § 85**.

[3]Section 86 provides:

Usurious interest; penalty for taking; limitations

The taking, receiving, reserving, or charging a rate of interest greater than is allowed by section 85 of this title, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: *Provided,* That such action is commenced within two years from the time the usurious transaction occurred.

**12 U.S.C. § 86**.

mortgage loan in violation of Missouri's Second Mortgage Loan Act (which according to the court says that an interest rate must be unlawful in order for the statute to apply) were completely preempted by §§ 85 and 86 of the National Bank Act. **2003 WL 22149646, *1 (W.D. Mo. Sept. 17, 2003)(Fenner, J.)**. Unlike Henderson, the *Phipps* plaintiffs argued that their claims were not for interest but for fees and thus not preempted. *Id.* **at *5**. The court disagreed finding that plaintiffs' claims were for unlawful interest and thus completely preempted under *Beneficial National Bank*. *Id.* **at *6**. Similarly, in *Budnick v. Bank of America, Mortgage,* the district court found that plaintiffs' claim challenging extra per diem interest retained by their lender after the mortgage loan was fully paid was completely preempted by §§ 85 and 86 of the National Bank Act.[4] **2003 WL 2296372, at *1 (N.D. Ill. Dec. 16, 2003)(Manning, J.)**.

The Court finds neither of these decisions persuasive as to the issue at hand. Henderson does allege that Wells Fargo charged her interest that exceeded any limit imposed by any state or federal lending statute or regulation. Instead, the Complaint alleges breach of contract, violation of the ICFA, and unjust enrichment based on Wells Fargo's failure to reduce her interest rate in exchange for her payment of the loan discount fee. The Court finds that these allegations do not fall within the ambit of § § 85 and 86 of the National Bank Act. Thus, the Court finds it does not have jurisdiction over Henderson's state law claims for breach of contract, violation

---

[4]It bears noting that the *Budnik* court granted the plaintiffs' third motion to remand following voluntary dismissal and re-removal of the case to federal court.

of the ICFA, and unjust enrichment.

### IV. Conclusion

Because the Court lacks subject matter jurisdiction, the Court **GRANTS** Henderson's Motion to Remand (Doc. 11) and **DENIES without prejudice** Wells Fargo's Motion to Dismiss Plaintiff's Complaint (Doc. 6).  This cause of action is **REMANDED** to the Madison County, Illinois Circuit Court.  Henderson is **not** entitled to fees and costs pursuant to **28 U.S.C. § 1447(c)**.

**IT IS SO ORDERED.**

Signed this 5th day of May, 2005.


/s/   David RHerndon
**United States District Judge**